**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————

SHARLYNE TAVAREZ, *on behalf of herself,*
*FLSA Collective Plaintiffs, and the Class,*

                    Plaintiff,

                v.

FONDUE 26, LLC d/b/a THE AINSWORTH,
AINSPH, LLC d/b/a THE AINSWORTH,
PARK33 RESTAURANT LLC
     d/b/a THE AINSWORTH MIDTOWN,
BURGER FULTON, LLC
     d/b/a THE AINSWORTH FIDI,
MATTHEW SHENDELL,
BRIAN MAZZA,
ALEXANDER RODRIGUEZ, and
DENNIS BOGART,

                    Defendants.

———————————————————————

Case No.: 20-cv-1128

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

       Plaintiff, SHARLYNE TAVAREZ (herein, "Plaintiff"), on behalf of herself and others

similarly situated, by and through her undersigned attorneys, hereby files this class and collective

action Complaint against Defendants, FONDUE 26, LLC d/b/a THE AINSWORTH, AINSPH,

LLC d/b/a THE AINSWORTH, PARK33 RESTAURANT LLC d/b/a THE AINSWORTH

MIDTOWN, and BURGER FULTON, LLC d/b/a THE AINSWORTH FIDI (together the

"Corporate Defendants"), MATTHEW SHENDELL, BRIAN MAZZA, ALEXANDER

RODRIGUEZ and DENNIS BOGART ("Individual Defendants," and together with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et. seq. ("FLSA"), that she is entitled to recover from Defendants: (1) unpaid wages, including those due to time shaving and an invalid tip credit, (2) unpaid overtime, (3) liquidated damages, and (4) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she is entitled to recover from Defendants: (1) unpaid wages, including those due to time shaving and an invalid tip credit, (2) unpaid overtime, (3) unpaid call-in pay, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     The parties had entered into an arbitration agreement, but Defendants had refused to arbitrate, so such arbitration agreement is invalid, along with the arbitration agreements for all other prospective class members.

4.     This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.     Plaintiff SHARLYNE TAVAREZ is a resident of Bronx County, New York.

6.     Defendants own and operate a restaurant enterprise under the tradename "The Ainsworth" at the following New York City locations:

      a.      The Ainsworth - Chelsea - 122 West 26th Street, New York, New York 10001;

      b.      The Ainsworth - East Village - 64 Third Avenue, New York, New York 10003;

      c.      The Ainsworth - Midtown - 45 East 33rd Street, New York, New York 10016; and

      d.      The Ainsworth - FiDi - 121 Fulton Street, New York, New York 10038 (together, the "Restaurants.").

Specifically, the Restaurants are or were engaged in related activities, shared common ownership and had a common business purpose. The Restaurants are commonly owned through the common control of Individual Defendants MATTHEW SHENDELL, BRIAN MAZZA, ALEXANDER RODRIGUEZ and DENNIS BOGART. Defendants jointly advertise their Restaurants on their webpage, including listing all four New York City locations on their webpage and allowing customers to book events and make reservations for any one of their locations through the same webpage. In addition, employees, including Plaintiff TAVAREZ, work interchangeably between the Restaurants. Although the Corporate Defendants generally operate a specific location, here, Corporate Defendants are also used interchangeably to provide payroll for interchangeable employees employed at different locations.

      7.      Defendants operate the Restaurants through the following Corporate Defendants:

      (a)      Corporate Defendant FONDUE 26, LLC d/b/a THE AINSWORTH is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 122 West 26th Street, New York, New York 10001.

Defendants operate The Ainsworth - Chelsea through Corporate Defendant FONDUE 26, LLC d/b/a THE AINSWORTH.

(b)     Corporate Defendant AINSPH, LLC d/b/a THE AINSWORTH is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 64 Third Avenue, New York, New York 10003 and an address for service of process located at c/o The Limited Liability Company, Ains Holding Company, LLC, 333 West 39th Street, Suite 704, New York, New York 10018. Defendants operate The Ainsworth - East Village through Corporate Defendant AINSPH, LLC d/b/a THE AINSWORTH.

(c)     Corporate Defendant PARK33 RESTAURANT LLC d/b/a THE AINSWORTH MIDTOWN is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 45 East 33rd Street, New York, New York 10016 and an address for service of process located at c/o Park South Hospitality, 167 Madison Avenue, Suite 501, New York, New York 10016. Defendants operate The Ainsworth - Midtown through Corporate Defendant PARK33 RESTAURANT LLC d/b/a THE AINSWORTH MIDTOWN.

(d)     Corporate Defendant BURGER FULTON, LLC d/b/a THE AINSWORTH FIDI is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 121 Fulton Street, New York, New York 10038 and an address for service of process located at c/o Matthew Shendell, 160 East 38th Street, Apt. 10C,

New York, New York 10016. Defendants operate The Ainsworth - FiDi

through Corporate Defendant BURGER FULTON, LLC d/b/a THE

AINSWORTH FIDI.

8.     Individual Defendants:

(a)     Individual Defendant MATTHEW SHENDELL is an owner and principal

of each of the Corporate Defendants. MATTHEW SHENDELL exercised

control over the terms and conditions of Plaintiff's employment and those

of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA

Collective Plaintiffs and the Class, he exercised the power to (i) fire and

hire, (ii) determine rate and method of pay, (iii) set employee schedules, and

(iv) otherwise affect the quality of employment. At all times, employees

could complain to MATTHEW SHENDELL regarding any of the terms of

their employment, and MATTHEW SHENDELL would have the authority

to effect any changes to the quality and terms of employees' employment.

MATTHEW SHENDELL ensured that employees effectively serve

customers and that the business is operating efficiently and profitably.

MATTHEW SHENDELL exercised functional control over the business

and financial operations of all Corporate Defendants. MATTHEW

SHENDELL had the power and authority to supervise and control

supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and

could reprimand employees.

(b)     Individual Defendant BRIAN MAZZA is an owner and principal of

Corporate Defendants AINSPH, LLC d/b/a THE AINSWORTH and

PARK33 RESTAURANT LLC d/b/a THE AINSWORTH MIDTOWN. BRIAN MAZZA exercised control over the terms and conditions of Plaintiffs employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all relevant times, employees could complain to BRIAN MAZZA regarding any of the terms of their employment, and BRIAN MAZZA would have the authority to effect any changes to the quality and terms of employees' employment. BRIAN MAZZA ensured that employees effectively serve customers and that the business is operating efficiently and profitably. BRIAN MAZZA exercised functional control over the business and financial operations of all Corporate Defendants. BRIAN MAZZA had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

(c)     Individual Defendant ALEXANDER RODRIGUEZ is an owner and chief executive officer of Corporate Defendant BURGER FULTON, LLC d/b/a THE AINSWORTH FIDI. ALEXANDER RODRIGUEZ exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and

(iv) otherwise affect the quality of employment. At all relevant times, employees could complain to ALEXANDER RODRIGUEZ regarding any of the terms of their employment, and ALEXANDER RODRIGUEZ would have the authority to effect any changes to the quality and terms of employees' employment. ALEXANDER RODRIGUEZ ensured that employees effectively serve customers and that the business is operating efficiently and profitably. ALEXANDER RODRIGUEZ exercised functional control over the business and financial operations of all Corporate Defendants. ALEXANDER RODRIGUEZ had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

(d)    Individual Defendant DENNIS BOGART is an owner and chief executive officer of Corporate Defendant FONDUE 26, LLC d/b/a THE AINSWORTH. DENNIS BOGART exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all relevant times, employees could complain to DENNIS BOGART regarding any of the terms of their employment, and DENNIS BOGART would have the authority to effect any changes to the quality and terms of employees' employment. DENNIS BOGART ensured that employees effectively serve customers and that the business is

operating efficiently and profitably. DENNIS BOGART exercised

functional control over the business and financial operations of all

Corporate Defendants. DENNIS BOGART had the power and authority to

supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs

and Class members and could reprimand employees.

9.      At all relevant times, each of the Corporate Defendants was and continues to be an

"enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and

the Regulations thereunder.

10.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs

and Class members were directly essential to the businesses operated by Defendants.

<u>**FLSA COLLECTIVE ACTION ALLEGATIONS**</u>

11.     Plaintiff bring claims for relief as a collective action pursuant to FLSA Section l

6(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including servers, bussers, food

runners, baristas, food preparers, cooks, bartenders, and barbacks, among others) employed by

Defendants on or after the date that is six years before the filing of the Complaint in this case as

defined herein (herein, "FLSA Collective Plaintiffs").

12.     At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have

been similarly situated, have had substantially similar job requirements and pay provisions, and

are and have been subjected to Defendants' decisions, policies, plans, programs, practices,

procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay

them their proper overtime. A subclass of tipped employees has additional claims for unpaid

minimum wage and overtime, including those from an improperly deducted tip credit and time

shaving. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

13.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P .") Rule 23, on behalf of all non-exempt employees (including servers, bussers, food runners, baristas, food preparers, cooks, bartenders, and barbacks, among others) employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.     The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently

within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees ("Tipped Subclass") who also number more than forty (40). Plaintiff is a member of both the Class and the Tipped Subclass.

17.    Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay Class members their overtime at the statutory rate of one-and-one-half their regular rate for all hours worked over forty (40) in a workweek, (ii) failing to pay Class members at the proper minimum wage rate for call-in pay, (iii) failing to provide Class members with proper wage statements with every payment of wages, and (iv) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the New York Labor Law.

18.    With regard to Plaintiff and the Tipped Subclass, Defendants also failed to pay them the proper minimum wage and overtime due to time-shaving and because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the New York Labor Law. Plaintiff and the Tipped Subclass suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (iv) failed to accurately keep track of daily tips earned and maintain records thereof.

19.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

21.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect

to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22.    Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Fonner employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.    Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b.    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiffs and the Class members;

c.    At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

d.    Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

e.   Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law;

f.   Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

g.   Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

h.   Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% of each workweek;

i.   Whether Defendants took the proper amount of tip credit allowance for each payment period under the New York Labor Law;

j.   Whether Defendants provided proper wage statements informing (i) tipped employees of the amount of tip credit taken for each payment period, and (ii) all non-exempt employees of information required to be provided on wage statements under the New York Labor Law;

k.   Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law;

l.   Whether Defendants paid Plaintiff and Class members the proper wage for all hours worked;

m.   Whether Defendants properly compensated Plaintiffs and Class members their proper overtime under state law; and

n.   Whether Defendants paid Plaintiff and Class members at the proper minimum wage rate for call-in pay.

## STATEMENT OF FACTS

24.  Plaintiff SHARLYNE TAVAREZ:

    (a)  In or about January 2018, Plaintiff TAVAREZ was hired by Defendants to work as a server/bartender at Defendants' The Ainsworth - Chelsea restaurant, located at 122 West 26th Street, New York, New York 10001. Throughout Plaintiff TAVAREZ's employment, she was regularly required to work at all four (4) of Defendants' Restaurants. Plaintiff TAVAREZ worked for Defendants until in or around June 2018.

    (b)  Throughout Plaintiff TAVAREZ's employment with Defendants, Plaintiff TAVAREZ was regularly scheduled to work six (6) days per week for a total of sixty-five (65) to seventy-three (73) hours per workweek.

    (c)  Throughout Plaintiff TAVAREZ's employment, Defendants paid Plaintiff below the New York State minimum wage. Specifically, from the start of Plaintiff's employment with Defendants, Plaintiff was paid a regular hourly rate of $9.00 per hour,. In or around March 2018, without notice, Defendants reduced Plaintiff's compensation such that Plaintiff was paid a regular hourly rate of $8.65 per hour.

25.  Plaintiff TAVAREZ, FLSA Collective Plaintiffs and the Class regularly worked hours in excess of forty (40) hours per week. However, when Defendants sent Plaintiff, FLSA Collective Plaintiffs and Class members to work at Restaurants other than their main location, they were compensated by the respective Corporate Defendant operating the respective Restaurant location, and as such, the overtime hours were not properly calculated. From the start of Plaintiff's employment with Defendants, Plaintiff was not paid proper overtime for both on-the-clock and

off-the-clock working hours. Plaintiff worked a total of sixty-five (65) to seventy-three (73) hours per workweek, but most of the paystub calculations show no overtime hours at all. Such a scheme by Defendants was done intentionally so as to avoid compensating Plaintiff, FLSA Collective Plaintiffs and Class members their proper overtime for all hours worked in excess of forty (40) hours per workweek. As a result, Plaintiff, FLSA Collective Plaintiffs and Class members are owed their overtime compensation.

26.     Plaintiff, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiff, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them in violation of the FLSA; (iii) failed to inform that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement in violation of the FLSA; (iv) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA, (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek in violation of the FLSA and NYLL, (vi) failed to accurately track daily tips earned or maintain records thereof, (vii) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL, and (viii) failed to provide a proper wage statement with every payment of wages informing Plaintiff and other tipped employees of the amount of tip credit deducted for each payment period, in violation of the NYLL.

27.     Plaintiff, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass were also required to engage more than 20% of their working time in non-tipped related activities, including answering phone calls, cleaning the restaurant, restocking supplies, setting up the coffee station, and setting up the bar station. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for all hours worked by tipped employees.

28.     At all relevant times, Plaintiff, a subclass of FLSA Collective Plaintiffs who were tipped employees and the Tipped Subclass were time shaved at least an hour and a half (1.5) per workweek. At the end of a workday, tipped employees were required to stay after they clocked-out of their shift to calculate the amount of tips earned for the day. While Plaintiff, FLSA Collective Plaintiffs and Tipped Subclass members waited for the managers and supervisors to compile their tips, they regularly performed non-tipped activities off-the-clock, including bundling silverware, unclogging the toilet, and cleaning the restaurant. As such work was performed after they were already clocked-out, Defendants failed to compensate Plaintiff, FLSA Collective Plaintiffs and the Class for this work.

29.     Plaintiff was also time shaved when she was assigned to work as a bartender as she was regularly required to set up the bar station. When she clocked in on the computer at "The Ainsworth - Chelsea" to set up the bar station, versus when she clocked in on the clock-in machine as a server, the time she spent setting up the bar station was not reflected on her wage statements. As such, on a regular basis, Plaintiff was not compensated an additional forty-five (45) minutes per workday, for several times per week.

30.     At the end of Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff for her last two weeks of work. Therefore, Plaintiff is owed her unpaid wages for the hours that she worked during the relevant time.

31.     Defendants failed to compensate Plaintiff and Class members at the correct minimum wage rate for call-in pay. Specifically, starting in or around March 2018, Defendants reduced their call-in pay rate from $13.00 to $11.00. Plaintiff and Class members were compensated at $11.00 per hour for their call-in pay, but they should have been compensated at $13.00 per hour. Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff and Class members at the correct call-in pay rate.

32.     Defendants failed to provide Plaintiff and the Class members with proper wage notices at hiring and annually thereafter. Plaintiff did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the New York Labor Law.

33.     Plaintiff and Class members received wage statements that were not in compliance with the New York Labor Law. Defendants were required to provide itemized listings of deductions taken on a wage statement with every payment of wages. Defendants failed to satisfy the requirements under the NYLL because the wage statements did not clearly include tip credit allowance for each payment period. Defendants' wage statements issued by the company Paycom also failed to clearly provide, among others, Defendants' phone number. Plaintiff and Class members also received fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation.

34.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage, and the proper overtime rate thereof for hours worked over forty (40) in a workweek, to Plaintiff, FLSA Collective

Plaintiffs and Tipped Subclass members. Defendants were not entitled to claim any tip credits under FLSA or NYLL.

35.     Defendants knowingly and willfully operated their business with a policy of not paying the proper overtime for all hours worked in excess of forty (40) in a workweek to Plaintiff, FLSA Collective Plaintiffs and Class members.

36.     Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs and Tipped Subclass members for all hours worked.

37.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

38.     Defendants failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the New York Labor Law.

39.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

40.     Plaintiff realleges and reavers Paragraphs 1 through 39 of this class and collective action Complaint as fully set forth herein.

41.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

42.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

43.     At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

44.     At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked. Defendants were also not entitled to claim any tip credits under the FLSA.

45.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked at the statutory rate of time and one-half, including overtime wages owed due to Defendants' policy of time-shaving and Defendants' invalid tip credit policy.

46.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all of their hours worked, including those due to Defendants' policy of time shaving.

47.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

48.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

49.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

50.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, plus an equal amount as liquidated damages.

51.    Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

52.    Plaintiff realleges and reavers Paragraphs 1 through 51 of this class and collective action Complaint as fully set forth herein.

53.    At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

54.    Defendants willfully violated Plaintiff's and Tipped Subclass members' rights by failing to pay them proper wages in the lawful amount for all hours worked. Defendants were not entitled to claim any tip credits.

55.    At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and Class members for all overtime hours worked at the statutory rate of time and one-half.

56.    At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff and Tipped Subclass members for all of their hours worked, including those due to Defendants' policy of time shaving.

57.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and Class members at the proper minimum wage rate for call-in pay.

58.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the NYLL because such tip credit allowance was never clearly included in wage statements to tipped employees for each payment period. Defendants' wage statements also failed to clearly provide, among others, Defendants' phone number. Defendants also provided fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation.

59.     Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees with proper wage notices, at date of hiring and annually thereafter, as required under the New York Labor Law.

60.     Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.      An award of unpaid wages due under the FLSA and the New York Labor Law, including those due to time shaving and an invalid tip credit;

d.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to 29 U.S.C. § 216;

e.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the New York Labor Law:

f.      An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

g.      Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

h.      Designation of this action as a class action pursuant to F.R.C.P. 23;

l.      Designation of Plaintiff as a Representative of the Class; and

j.      Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 10, 2020

Respectfully submitted,

By:    /s/ C.K. Lee
        C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiff and the Class*